United States District Court
Southern District of Texas
**ENTERED**
March 12, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WATERFORD SPRINGS APARTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-635 |
| | § | |
| RITA DIAMOND, | § | |
| | § | |
| Defendant. | § | |

**REMAND ORDER**

Waterford Springs Apartments, located in Spring, Texas, filed a petition for eviction in Texas state court, alleging that Rita Diamond, a Waterford Springs tenant, had failed to pay rent for three months. (Docket Entry No. 1, Ex. 1). Ms. Diamond timely removed to this court, asserting that the petition raised a federal question but it "intentionally fail[ed] to allege compliance with the Civil Rights Act of 1968." (Docket Entry No. 1). She asserts that she is a member of a protected class under that statute.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000 and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n. 6 (1987). A defendant sued in state court may remove the action to federal court only if the federal district court has original jurisdiction. 28 U.S.C. § 1441; *Caterpillar*, 482 U.S. at 392.

Both parties here are Texas citizens. Ms. Diamond is incorrect that the petition raises a federal question. A court looks only at the plaintiff's complaint to determine if a claim arises under

1

federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). "A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case." *Wells Fargo Bank v. Matts*, 2012 WL 6208493 (N.D. Tex. Dec. 12, 2012) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) and *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005)). Waterford Springs's complaint does not contain or raise any question of federal law. "Landlord-tenant disputes and eviction actions are typically state law claims." *Ortiz v. Hillard*, 2010 WL 2195652, at *2 (S.D. Tex. June 1, 2010). Ms. Diamond's notice of removal cites the Civil Rights Act of 1968, which forbids housing discrimination on the basis of race, color, religion, or national origin, as the basis for federal-question jurisdiction. To the extent Ms. Diamond argues that Waterford Springs discriminatorily evicted her under the Act, the federal-law issue arises as a defense. That is not a basis for a federal court to have jurisdiction. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

Because the court lacks subject-matter jurisdiction, the case is remanded to the Justice Court of Harris County, Texas, Precinct 4, Place 1.

SIGNED on March 11, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

2